IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02343-BNB
(**The above civil action number must appear on all future papers
sent to the Court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

JOE M. TONEY, JR.,

      Plaintiff,

v.

WARDEN BERKEBILE,
A. W. MS. HALL,
MS. RANGEL,
MR. GRIGGS,
MS. SUDLOW,
MS. REDDEN,
MR. CEDENO, and
MR. C. COX,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Joe M. Toney, Jr., is a prisoner in the custody of the Federal Bureau of

Prisons at the United States Penitentiary, Administrative Maximum, in Florence,

Colorado.  Mr. Toney filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 28

U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*,

403 U.S. 388 (1971), as well as other statutory authority.  He asks for money damages

and injunctive and declaratory relief.  He also filed a Prisoner's Motion and Affidavit for

Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2).   Mr. Toney has been

granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe Mr. Toney's Prisoner Complaint liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings.  *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.  A court may disregard conclusory allegations, which are not entitled to a presumption of truthfulness.  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Meek v. Jordan*, 534 F. App'x 762, 764 (10th Cir. 2013).  For the reasons stated below, Mr. Toney will be ordered to file an amended Prisoner Complaint if he wishes to pursue his claims in this action.

The allegations in the Prisoner Complaint are vague, conclusory, and rambling. Mr. Toney generally alleges that Defendants are (1) interfering with the grievances he files, (2) interfering in his relationship with an Alice Sanders apparently by interfering with their correspondence, (3) tampering with his food, and (4) denying him a job.  He also makes various other assertions that are difficult to comprehend.  On the basis of these allegations, he asserts violations of his rights of access to the courts, to be free from searches and seizures, to be free from cruel and unusual punishment, to be free from retaliation, and to equal protection.

2

The Prisoner Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Toney fails to assert his claims in a manner that is clear and concise and allows the Court and each defendant to understand and respond to each asserted claim.  Generally, Mr. Toney fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*  The general rule

3

that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Toney must present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Toney must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. A long, chronological recitation of facts is not required. Nor should the Court or defendants be required to sift through Mr. Toney's vague and conclusory allegations to determine the heart of each claim.

The Prisoner Complaint also is deficient because Mr. Toney fails to allege facts that demonstrate each of the named defendants personally participated in the asserted constitutional violations. In order to state a claim in federal court, Mr. Toney "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Toney should name as defendants in his amended Prisoner Complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal

participation, Mr. Toney must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  With respect to supervisory officials, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a civil rights suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.

Mr. Toney may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Toney uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992);  *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8.  Mr. Toney will be given an opportunity to cure the deficiencies by submitting an amended Prisoner Complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.  The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Prisoner Complaint.  Even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may bar recovery if Mr. Toney seeks to refile in this Court because the two-year statute of limitations may have run on his *Bivens* claims.

Accordingly, it is

ORDERED that Plaintiff, Joe M. Toney, Jr., file **within thirty (30) days from the date of this order** an amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved form for filing a Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use the form in filing an amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Prisoner Complaint

as directed **within thirty days from the date of this order**, certain claims against certain defendants, or the entire Prisoner Complaint and action, may be dismissed without further notice.

DATED August 28, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge