IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02343-GPG

JOE M. TONEY, JR.,

    Plaintiff,

v.

WARDEN BERKEBILE,
A. W. MS. HALL,
MS. RANGEL,
MR. GRIGGS,
MS. SUDLOW,
MS. REDDEN,
MR. CEDENO, and
MR. C. COX,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Joe M. Toney, Jr., is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Toney filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), as well as other statutory authority, for money damages and injunctive and declaratory relief. He also filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2). Mr. Toney has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    On August 28, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 5) explaining that the allegations in the Prisoner Complaint were vague, conclusory,

and rambling. Mr. Toney generally alleged that Defendants were (1) interfering with the grievances he filed, (2) interfering in his relationship with an Alice Sanders apparently by interfering with their correspondence, (3) tampering with his food, and (4) denying him a job. He also made various other assertions that were difficult to comprehend. On the basis of these allegations, he asserted violations of his rights of access to the courts, to be free from searches and seizures, to be free from cruel and unusual punishment, to be free from retaliation, and to equal protection.

In the August 28 order, Magistrate Judge Boland directed Mr. Toney to file within thirty days an amended Prisoner Complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and alleged the personal participation of each named Defendant. Magistrate Judge Boland pointed out that, even if the Court dismissed this action without prejudice for failure to comply with the August 28 order, the dismissal may bar recovery if Mr. Toney sought to refile in this Court because the two-year statute of limitations may have run on his *Bivens* claims.

On October 6, 2014, after being granted an extension of time, Mr. Toney filed an amended Prisoner Complaint (ECF No. 13) pursuant to *Bivens* for money damages. On October 15, 2014, after being granted an extension of time, Mr. Toney filed exhibits (ECF No. 15) in support of the amended Prisoner Complaint. The Court must construe Mr. Toney's amended Prisoner Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Merely making vague and conclusory allegations that his federal constitutional

rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. See *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. A court may disregard conclusory allegations, which are not entitled to a presumption of truthfulness. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Meek v. Jordan*, 534 F. App'x 762, 764 (10th Cir. 2013). For the reasons stated below, the amended Prisoner Complaint will be dismissed.

Like the Prisoner Complaint Mr. Toney originally filed, the allegations in the Prisoner Complaint are vague, conclusory, and rambling. Mr. Toney fails to understand that he must assert, simply and concisely, the specific acts by each Defendant that allegedly violated his rights. As Magistrate Judge Boland informed Mr. Toney in the August 28 order for an amended Prisoner Complaint, in order "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Simply labeling conclusory allegations as facts, as Mr. Toney attempts to do within each asserted claim, does not make them facts. Vague and conclusory allegations are not a substitute for specific factual allegations.

Mr. Toney asserts three claims. His first and second claims asserting violations of the First and Fifth amendments are as follows:

3

> 1. Staff unit team Ms. Rangel and Cedeno, w/abuse of authority, enforce multiple remedies, censor and obstructed Remedy No. 743895-R2, filed 10/8/13, violated Plaintiff's rights, of due process under the Fifth Amendment, and access to the Court under the First Amendment. See Exh. (A).
>
> 2. Facts: Mang. Supervisor Griggs, censor and obstructed a BP(8), filed 7/2/13, violated Plaintiff's rights of due process under the Fifth Amendment, and access to the Court under the First Amend. See Exh. (A).
>
> 3. Counsel Cedeno, unit team, with deliberate indifference, had not return the BP,(8), filed 7/2/13, and mention:
>
> "What you want me to do, put him in the choke hold, head lock," violated Plaintiff's rights of due process under the Fifth Amendment, and access to the Court under the First Amend. See Exh. (A).
>
> 4. Facts: SIS Redden, mailroom, censor Plaintiff's mail, w/deliberate indifference, and mention on 6/26/13, "She knew what was going on with Ms. Sanders," violated Plaintiff's rights against 'censorship' under the First Amendment. See Exh. (A).
>
> 5. Facts: Ms. Sudlow, case manager, censor Plaintiff's mail, Jan. 2013, w/deliberate indifference and mention; "I'm mad with you," (in reference to Ms. Sanders); violated Plaintiff's rights against censorship under the First Amend. See Exh. (A).

ECF No. 13 at 6-7.

Claims one and two are deficient for various reasons. Mr. Toney refers only to exhibit A without explaining to which of the twenty exhibits comprising exhibit A he is referring. He fails to explain with specificity what acts Ms. Rangel and Mr. Cedeno performed, or failed to perform, that allegedly violated his rights of due process and access to the courts. He fails to make factual allegations to support his conclusion that

Mr. Griggs censored and obstructed his informal BP-8 grievance and Ms. Redden censored his mail.  He fails to explain in a manner understandable to the Court the connection between the failure to return his informal BP-8 grievance and Mr. Cedeno's question about putting him in a choke hold or head lock.  Mr. Toney fails to explain what, if anything, Ms. Sudlow did to censor his mail or how her comment about being mad at him relates to any alleged act of censorship.

In claim three, Mr. Toney alleges as follows:

> On 8/3/13, C.O., Cox, tamper with Plaintiff's food (inside) the tray's, with deliberate indifference, violated Plaintiff's rights against retaliation under the First Amend. See Exh. (B).
>
> 7. Facts: Ms. Hall and Berkebile, wardens, censor and obstructed, Remedy No. 743895-R2, filed 10/8/13, condoning misconduct and disregard copout's, violated Plaintiff's rights of due process under the Fifth Amendment, and access to the Court under the First Amendment.  See Exh. (A).

ECF No. 13 at 8.

Claim three also is deficient.  Mr. Toney refers only to exhibits A and B without explaining to which of the twenty exhibits comprising exhibit A or seven exhibits comprising exhibit B he is referring.  He fails to provide any facts that demonstrate either tampering with his food tray or how tampering with his food tray somehow constitutes an act of retaliation.  Nor does he explain what, if anything, Ms. Hall and Mr. Berkebile did or did not do that censored or disregarded his administrative remedy, condoned misconduct, or violated his constitutional rights.   Mr. Toney's allegations simply are unfounded because he fails to support them with factual assertions, and may be disregarded as conclusory allegations not entitled to a presumption of truthfulness.

*Ashcroft*, 556 U.S. at 681; *Meek*, 534 F. App'x at 764.

Because he fails to allege facts to support his conclusory allegations, Mr. Toney also fails to show how the named Defendants personally participated in the alleged constitutional violations. In short, the Prisoner Complaint fails to comply with the pleading requirements of Rule 8, as discussed in detail in the August 28 order, and will be dismissed for that reason.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8, and must be dismissed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Toney files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Prisoner Complaint (ECF No. 13) and the action are dismissed without prejudice pursuant to Rules 8 and 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Joe M. Toney, Jr., to file within the time allowed an amended Prisoner Complaint that complied with the order of August 28, 2014. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  11th  day of    December    , 2014.

BY THE COURT:


   s/Lewis T. Babcock   
LEWIS T. BABCOCK
Senior Judge, United States District Court